(61 Misc. Rep. 614.)

RIMES v. CARPENTER et al.

(Supreme Court, Appellate Term. January 15, 1909.)

EVIDENCE (§ 262*)—TELEPHONE COMMUNICATIONS—ADMISSIBILITY.

Where the issue was as to the terms of orders given by a customer to his broker in a conversation held over the telephone between the broker's agent and the customer's wife, speaking with his authority, the testimony of a witness, who had listened to the conversation by the use of another telephone at the broker's place of business, was competent, on actual connection between the instruments being so shown as to identify the conversation and the persons holding it.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 262.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Troy T. Rimes against N. L. Carpenter and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

See 59 Misc. Rep. 445, 110 N. Y. Supp. 965.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Miller & Hartcorn (Albert E. Hartcorn, of counsel), for appellants.
Safford A. Crummey, for respondent.

BISCHOFF, J. A new trial of this case must be ordered for prejudicial error in the exclusion of evidence offered by the defendants. The issue related to the terms of orders given by the plaintiff, a customer, to the defendants, his brokers, in the course of a conversation held over the telephone between the defendants' agent and the plaintiff's wife, speaking with his authority. To corroborate the defendants' agent as to what was said, proof was offered in the form of the testimony of a witness who had listened to the conversation by the use of another telephone at the defendants' place of business; but this evidence, together with any and all proof to identify the plaintiff's wife as the speaker, or to show that the conversation overheard was the same as that to which the plaintiff's testimony referred, was excluded upon a general ruling, announced by the justice, to the effect that, since the witness heard the conversation upon another instrument in a room other than that in which the defendants' agent was speaking, the evidence was in its nature incompetent.

Unquestionably a conversation overheard between parties whose voices are recognized by the witness may be proven, and there is no ground for distinction, in principle, between such a case and that of a conversation by telephone, which the witness overhears, where the actual connection between the instruments is shown in such wise as to identify the very conversation, and the persons holding the conversation are known. From the proceedings upon the trial it appears that the defendants could probably have shown, but were not permitted to show, that three instruments on the same wire, being those used by the principals in the conversation and by the person who overheard it,

'would serve as a medium of transmission, whereby what was heard by one listener must have been heard by the other and have been the actual words of the speaker. In this situation the conversation overheard by a witness would clearly be the proper subject of his testimony, where the conversation itself, as between the parties, is competent and relevant to the issues.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.